STATE OF NEW JERSEY AND FRANK LA FERA, OVER-
SEER OF THE POOR OF THE CITY OF NEWARK, RE-
SPONDENT, v. WILLIAM McNALLY AND THE COM-
MERCIAL CASUALTY INSURANCE COMPANY, APPEL-
LANTS.

Submitted May 14, 1932—Decided November 10, 1932.

Before Justices TRENCHARD, CASE and BROGAN.

For the appellants, *Williams & Leonard.*

For the respondent, *Frank A. Boettner.*

The opinion of the court was delivered by

TRENCHARD, J.   This is the appeal of the defendant insur-
ance company from a judgment for the plaintiff rendered in
the District Court by the judge sitting without a jury.

The stipulated facts are, among others, that the defendant McNally pleaded guilty in the Family Court in the city of Newark to a charge of desertion of his family in violation of section 17 of the Disorderly Persons act (*Comp. Stat., p.* 1931); that the court ordered him to pay, or cause to be paid, $15 weekly and every week to the overseer of the poor for the support and maintenance of his family, and to give a bond to the overseer in the sum of $500 with security for the faithful performance of the order; that the defendant Commercial Casualty Insurance Company on April 8th, 1929, executed a bond as surety for McNally in compliance with such order, and at the same time McNally deposited with the surety company the sum of $500 as so-called "collateral security;" that such surety company at various times between April 8th, 1929, and April 8th, 1930, paid out of that deposit, on behalf of McNally, to the overseer of the poor the sum of $413.10, leaving an arrearage due from the defendant McNally for the year expiring April 8th, 1930, of $240, for which amount this suit on the bond was instituted.

It was and is the contention of the plaintiff that the defendant surety company is liable under the bond for this arrearage in view of section 23 of the Disorderly Persons act making the term of the order, to comply with which the bond was given, the period of a year.

On the contrary, it was and is the contention of the surety company that, inasmuch as the penal sum of the bond is $500, its liability ends when they have paid "on behalf of McNally" the sum of $500, and that inasmuch as they have already paid $413.10 they are not liable for any judgment in excess of $86.90.

The trial judge found that the contention of the plaintiff was sound and gave judgment for $240, and we think rightly.

The condition of the bond was that "if the said William McNally shall faithfully stand to and obey said order, and such other order as may be made in case an appeal be taken, then this obligation to be void, otherwise to remain in full force and virtue."

Of course the condition of the bond must be read in con-

nection with the provisions of the statute creating the duty or obligation; that is, *Comp. Stat., p.* 1926. *State* v. *Greiner,* 96 *N. J. L.* 100; *Inhabitants of New Providence* v. *McEachron,* 33 *Id.* 339.

We have held in *State* v. *Greiner, supra,* that the fact that payments made to the overseer of the poor, in pursuance of an order of filiation, exceed the penalty of the bond, does not release the principal, nor his surety, in case of default in its condition.

And so where, as here, the surety company on the bond, given to secure performance of an order to pay, or cause to be paid, $15 weekly and every week for the support of the principal's family, paid to the overseer of the poor, "on behalf of" the principal, "out of" the $500 deposited with it by the principal as so-called "collateral security," the sum of $413.10, leaving an arrearage due from the principal of $240 at the end of the year for which the order for support was made, and for which suit was brought, a judgment for the amount of such arrearage was justified.

We have examined the specifications of determinations with which the appellant surety company is dissatisfied in point of law, and the arguments made by the appellant in support thereof, and find no merit in them.

It is a sufficient answer to such arguments to point out that they ignore the stipulated facts (1) that the sums paid by the surety were "paid out of" the funds deposited by McNally with the surety, and (2) that the payments made by the surety were paid "on behalf of McNally," and to further point out that there was no evidence—not even the slightest—that such payments were made on account of the penalty of the bond.

The judgment will be affirmed, with costs.